UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROBERSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:14-CV-45 (CEJ) |
| TOM VILLMER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Anthony Roberson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition and petitioner has filed a traverse.

### I. Background

#### A. Trial

In 2006, a jury in the St. Charles Count Circuit Court found petitioner guilty of driving while intoxicated (DWI). He was sentenced by the court as a chronic offender to a 15-year term of imprisonment, pursuant to Mo. Rev. Stat. § 577.023 (Cum. Supp. 2005).

Although the chronic offender statute only required proof of four prior convictions for intoxication-related traffic offenses, the State presented evidence that petitioner had six such convictions: (1) two 1981 St. Louis County manslaughter convictions for offenses on the same date (counted as one prior offense); (2) a 1985 St. Louis County guilty plea to driving with excessive blood alcohol; (3) a 1988 Calverton Park municipal conviction for driving while

intoxicated; (4) a 1995 St. Charles County guilty plea to driving while intoxicated; (5) a 2001 St. Charles County guilty plea to driving while intoxicated and (6) a 1983 St. Louis County conviction for driving while intoxicated. Resp. Ex. A, at 23-24. Prior to sentencing, the State offered into evidence documentation of the prior convictions. When defense counsel objected that he had not had a chance to look at the documents, the court gave him time to examine them. Defense counsel then objected to the admissibility of one of the documents, a Missouri Uniform Law Enforcement System (MULES) record that was offered as evidence of the Calverton Park conviction. After reviewing the documents, defense counsel withdrew his objections. Resp. Ex. C, at 9-11.

### B. Direct Appeal

In July 2009, petitioner's appellate counsel wrote a letter to petitioner stating that he could only ask for a sentence reduction on appeal if the sentence received was greater than that authorized by law. [Doc. #1-4]. In September 2009, counsel wrote to the prosecutor requesting copies of the exhibits that were used to prove petitioner's prior convictions. [Doc. #1-5]. On direct appeal, counsel did not challenge the sufficiency of the evidence to support the sentencing enhancement. Instead, the sole issue raised on appeal was that the trial court erred in overruling the defense's objections and requests for mistrial based on a statement made by the prosecutor during *voir dire*. Resp. Ex. E, at 12. Petitioner's conviction and sentence were affirmed by the Missouri Court of Appeals on May 18, 2010. Resp. Ex. G, at 1. The appellate court noted that petitioner did not challenge the sufficiency of the evidence. Resp. Ex. G, at 4.

### C. State Post-Conviction Proceedings

On July 26, 2010, petitioner filed a pro se motion to vacate, set aside or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15 in which he raised the following claims: (1) his conviction was unconstitutional because Missouri's driving while intoxicated statute was vague; (2) trial counsel was ineffective for failing to challenge the constitutionality of the Missouri driving while intoxicated statute; and (3) trial counsel was ineffective for failing to call two witnesses to testify on behalf of petitioner. Resp. Ex. I, at 18, 21, 23. On September 9, 2011, the motion court granted an evidentiary hearing only as to the third claim, which was ultimately denied on the merits. On appeal, petitioner challenged only the motion court's denial of relief on the third claim. Resp. Ex. K, at 13. The judgment of the motion court was affirmed. *Roberson v. State*, 383 S.W.3d 479 (Mo. App. E.D. 2012).

On April 5, 2012, petitioner filed a Rule 91 petition for habeas corpus in the Circuit Court of Cole County, Missouri, alleging ineffective assistance of trial and appellate counsel for failing to object to the chronic offender enhancement. Resp. Ex. Q, at 3. The court denied relief on September 5, 2012, finding that a petitioner could not use a proceeding in habeas corpus to challenge the sufficiency of the evidence supporting a trial court's finding of sufficient prior convictions if the challenge could have been brought in the ordinary course of review. Resp. Ex. R, at 1. On October 25, 2012, petitioner filed a Rule 91 petition for habeas corpus in the Missouri Court of Appeals Western District which was summarily denied on October 30, 2012. Resp. Ex. T, at 1. On February 13, 2013, petitioner filed a Rule 91 petition for habeas corpus in the Missouri Supreme Court; after ordering the State to file a response, the court denied the petition on June 11, 2013. Resp. Ex.

V, at 1. In all of these petitions, which are substantially identical, petitioner alleges ineffective assistance of trial and appellate counsel for failing to object to the classification of petitioner as a chronic offender.

## II. Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." *Id.*

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," *Payton*, 125 S. Ct. at 1439; *Williams v. Taylor*, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quoting *Williams*, 529 U.S. at 410–11).

The factual findings of the state court also may be challenged in a § 2254 petition, but they are subject to an even more deferential review. Relief may be granted if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Factual findings by the state court "shall be presumed to be correct," a presumption that will be rebutted only by "clear and convincing evidence." *Kinder v. Bowersox,* 272 F.3d 532, 538 (8th Cir.2001) (citing 28 U.S.C. § 2254(e)(1)).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first *Strickland* prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. The reviewing court must refrain

"from engaging in hindsight or second-guessing of trial counsel's strategic decisions." *Abernathy v. Hobbs*, 748 F.3d 813, 816 (8th Cir. 2014) (citation omitted). In order to establish prejudice, the second *Strickland* prong, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted) ("Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome.")

"Taken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)).

> First, under *Strickland*, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland*, 466 U.S. at 696. . . To satisfy *Strickland*, the likelihood of a different result must be "substantial, not just conceivable." *Id.* Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the *Strickland* standard is unreasonable, not merely whether it is incorrect. *Harrington v. Richter*, [562 U.S. 86, 101] (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* [at 102].

*Id.* at 831-32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

III. **Discussion**

In the instant § 2254 petition, petitioner asserts the following grounds for relief: (1) that trial counsel was ineffective for failing to investigate and object to four of the prior convictions used to enhance petitioner's sentence and (2) that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the sentencing enhancement. Respondent contends that Grounds 1 and 2 are without merit and are procedurally defaulted because petitioner failed to assert them on direct and post-conviction appeal.

To preserve a claim for federal habeas review, a state prisoner must fairly present his claim to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo,* 125 F.3d 1144, 1149 (8th Cir.1997). A state prisoner who fails "to follow applicable state procedural rules [for] raising the claims…is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (citing *Coleman v. Thompson,* 501 U.S. 722, 731–32 (1991)). In Missouri, a post-conviction motion proceeding is the exclusive procedure for pursuing an ineffective assistance of counsel claim. A motion court's decision is subject to appeal, and successive post-conviction motions are not permitted. Mo. S.Ct. Rule 29.15(a)[1], 29.15(k); 29.15(l); *Moore–El v. Luebbers,* 446 F.3d 890, 896 (8th Cir.2006) (explaining that Missouri law requires a habeas petitioner to bring any claim of ineffective assistance of

---

[1] Rule 29.15 also requires the movant to acknowledge that any known claims not presented in the motion are waived. Mo. Sup.Ct. R. 29.15(d). By failing to present the ineffective assistance of trial and appellate counsel claims in his Rule 29.15 motion, petitioner effectively waived these claims under Missouri law.

counsel in a motion for post-conviction relief under Rule 29.15). An ineffective assistance of counsel claim is procedurally defaulted if a petitioner fails to raise it in a Rule 29.15 motion or fails to raise it in the appeal from the denial of such a motion and habeas review of the claim is barred. *See Interiano v. Dormire,* 471 F.3d 854, 856 (8th Cir.2006) (finding that claims not presented in an amended Rule 29.15 post-conviction motion or appeal from the denial of that motion are procedurally defaulted); *Sweet v. Delo*, 125 F.3d at 1151 (holding that a state prisoner that fails to follow applicable state procedural rules for raising the claims is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies).

A state prisoner can overcome a procedural default only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To establish prejudice, a petitioner must demonstrate that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King,* 652 F.3d 845, 850 (8th Cir.2011) (quoting *Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir.2006)).

In the instant case, petitioner did not assert the ineffective assistance claims in Grounds 1 and 2 in his Rule 29.15 motion. He did assert them in his Rule 91 state habeas petition, but that does not cure the procedural default. Under Missouri law, a Rule 91 habeas petition may not be used to present claims that could have been raised on direct appeal or in a motion under Rule 29.15. *State ex rel. Green v. Moore,* 131 S.W.3d 803, 805 (Mo.2004); s*ee also Francis v. Miller,* 557 F.3d 894, 899 (8th Cir.2009) (stating Rule 29.15 is a "firmly established and regularly followed" state procedural rule that provides "substantive, well-established procedures that movants are required to follow in order to have their claims considered post-trial."). The Eighth Circuit has also consistently held that the presentation of federal grounds in the state court petition for a writ of habeas corpus under Rule 91 does not satisfy the requirement that a petitioner properly present the merits of his federal grounds to the state trial and appellate courts when the state courts deny the petition on state procedural grounds and do not reach the merits of the defaulted claim. *See Anderson v. White,* 32 F.3d 320, 321 n. 2 (8th Cir.1994) (Rule 91 habeas petitions "do not resurrect [the petitioner's] procedurally defaulted claims, for [the petitioner] has not shown that the Missouri Supreme Court addressed the merits of his federal claims"); *Byrd v. Delo,* 942 F.2d 1226, 1232 (8th Cir.1991) (finding on the basis of United States Supreme Court precedent there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue."); *see also Roger v. Bowersox,* No. 4:05–CV–2051–DDN, 2008 WL 4790344, at * 12 (E.D.Mo. Oct. 31, 2008) (finding that the "presentation of the federal grounds in the state court petition for a writ of habeas corpus under Missouri Supreme Court Rule 91 did not

satisfy the requirement that petitioner properly present the merits of his federal grounds to the state trial and appellate courts.").

The Court concludes that petitioner's ineffective assistance of trial and appellate claims in Grounds 1 and 2 are procedurally defaulted. Thus, petitioner must demonstrate cause and actual prejudice in order to remove the procedural bar. *Coleman*, 501 U.S. at 750.

### Ground 1 – Ineffective Assistance of Trial Counsel

Petitioner concedes that he failed to raise the ineffective assistance of trial counsel claim in Ground 1 in his Rule 29.15 motion, but he argues that this default is excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). In *Martinez*, the United States Supreme Court held that the ineffective assistance of a petitioner's post-conviction counsel may establish cause for failure properly to present an ineffective assistance of trial counsel claim in state court. Thus, when a state, such as Missouri,

> requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at tria. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

*Id.* at 1318.

Applying the *Martinez* holding to this case, even if petitioner's counsel was ineffective for failing to present the Ground 1 claim in the post-conviction

- 10 -

proceedings, petitioner cannot establish that the underlying claim of ineffective assistance of trial counsel was a substantial one.

As discussed above, trial counsel did initially object to the chronic offender enhancement but withdrew the objection after reviewing the documentation of petitioner's prior convictions. The trial court also reviewed the documents and found them sufficient to support the enhancement. As evidence of ineffective assistance, petitioner points to trial counsel's unsureness of whether the Missouri Uniform Law Enforcement System (MULES) records were sufficient to prove chronic offender status. However, this argument fails as MULES records are specifically listed under the statute as sufficient to prove offender status under Mo. Ann. Stat. § 577.023.16.[2] Trial counsel cannot be faulted for not objecting to evidence that was admissible.

Further, the MULES record was sufficient to prove that the 1988 Calverton Park conviction was an intoxication-related offense. The record shows that petitioner waived counsel, was found guilty of driving while intoxicated, and was fined $300.00. Section 577.023.1(3) of the chronic offender statute in effect at the time of petitioner's trial defined "intoxication-related traffic offense" as

> *driving while intoxicated*, driving with excessive blood alcohol content, involuntary manslaughter pursuant to subdivision (2) or (3) of subsection 1 of section 565.024, RSMo, murder in the second degree under section 565.021, RSMo, where the underlying felony is an intoxication-related traffic offense, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565.060, RSMo, assault of a law enforcement officer in the second degree pursuant to subdivision (4) of subsection 1 of section 565.082, RSMo, or driving

---

[2] The statute provides, in relevant part: "Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury . . . and shall include but not be limited to evidence of convictions received by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol."

> under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the defendant was represented by or waived the right to an attorney in writing. . . [emphasis added]

Thus, an objection to the inclusion of the Calverton Park conviction would have been futile. Petitioner concedes that three of his prior convictions were intoxication-related offenses. To qualify as a chronic offender, only one more conviction was needed. When the Calverton Park conviction is counted, there was sufficient evidence to support the chronic offender designation. Because the State's evidence was sufficient to support the enhancement, petitioner did not have a substantial underlying claim of ineffective assistance of trial counsel. Petitioner is not entitled to relief on Ground 1.

### **Ground 2 – Ineffective Assistance of Appellate Counsel**

As discussed above, there is no merit to petitioner's claim that the evidence was insufficient to establish the chronic offender enhancement. Thus, counsel's failure to challenge the sufficiency of the evidence on direct appeal does not constitute ineffective assistance.

It is a general rule that errors made by post-conviction counsel cannot serve as "cause" to excuse procedural default. *Coleman,* 501 U.S. at 752–754. In *Martinez v. Ryan*, the Supreme Court carved out a narrow exception to the *Coleman* rule, holding that errors by post-conviction counsel may in some circumstances serve as "cause" to excuse procedural default of claims of ineffective assistance of trial counsel. 132 S.Ct. at 1315. However, *Martinez* clearly emphasized the limited nature of its holding: "*Coleman* held that an attorney's negligence in a post-conviction proceeding does not establish cause, and this remains true except as to initial-review proceedings for claims of ineffective

assistance of counsel at trial." *Id.* at 1319. *Martinez* did not change the rule that ineffective assistance of post-conviction appellate counsel could not constitute cause for state procedural default unless it has been presented to the state courts. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir.2012). Indeed, the Eighth Circuit expressly rejected the argument that an error by post-conviction counsel served as cause to excuse a procedurally defaulted claim of ineffective appellate counsel, stating, "[w]e…decline to extend *Martinez* to claims alleging ineffective assistance of counsel on direct appeal." *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). Thus, petitioner cannot use the ineffectiveness of his Rule 29.15 counsel to serve as cause for his default of the ineffective assistance of direct appeal counsel claim.

Because petitioner has not established cause for the default, the question of prejudice need not be reached. *See Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir.2010) (citing *Oxford v. Delo*, 59 F.3d 741, 748 (8th Cir.1995)). As such, the Court need not address the merits of petitioner's procedurally-defaulted claims because petitioner's second ground for relief is barred from review under 28 U.S.C. § 2254.

## IV. Conclusion

For the reasons discussed above, the Court concludes that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to make a substantial showing of the denial of a constitutional right.

Therefore, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

A judgment in accordance with this Memorandum will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of March, 2017.